NO. 07-02-0470-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL E



NOVEMBER 19, 2002



______________________________




INDYMAC MORTGAGE HOLDINGS, INC., F/K/A


INDEPENDENT NATIONAL MORTGAGE CORPORATION, APPELLANT



V.



BESSIE BOCKMAN AND CARL RAY SCHRAM, APPELLEES




_________________________________



FROM THE 221ST DISTRICT COURT OF MONTGOMERY COUNTY;



NO. 00-05-03161-CV; HONORABLE SUZANNE STOVALL, JUDGE



_______________________________



Before REAVIS and JOHNSON, JJ. and BOYD, S.J. (1)

 Appellant Indymac Mortgage Holdings, Inc. f/k/a Independent National Mortgage
Corporation filed an unopposed Motion to Dismiss on November 13, 2002, averring that
it no longer wished to prosecute this appeal.

 Without passing on the merits of the case, the appellant's motion for dismissal is
granted and the appeal is hereby dismissed. Tex. R. App. P. 42.2. All costs having been
paid, no order pertaining to the costs is made. Having dismissed the appeal at the
appellant's request, no motion for rehearing will be entertained and our mandate will issue
forthwith. 



 Phil Johnson

 Justice











Do not publish.


1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by
assignment.


alse" DefPriority="99"
 LatentStyleCount="267">
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 









NO.
07-09-0240-CV

 

IN THE COURT OF APPEALS

 

FOR THE SEVENTH DISTRICT OF TEXAS

 

AT AMARILLO

 

PANEL C

 



MAY 18, 2010



 



 

KERSHNER TRADING GROUP,
L.L.C.,  

 

                                                                                         Appellant

v.

 

DELL USA, L.P.,  

                                                                                         Appellee

_____________________________

 

FROM
THE 126TH DISTRICT COURT OF TRAVIS COUNTY;

 

NO.
D-1-GN-07-001509; HONORABLE STEPHEN YELENOSKY, PRESIDING

 



 

Memorandum Opinion

 



 

Before QUINN, C.J., and
HANCOCK and PIRTLE, JJ.

Pending
before the court is an appeal by Kershner Trading
Group, L.L.C. (Kershner) from a final summary
judgment denying it recovery from Dell USA, L.P.  The former had sued the latter to recover
damages allegedly arising from the breach of a sublease agreement.  That is, Kershner
had subleased office space from Dell and acquired a right of first refusal to
lease rentable space.  It attempted to
exercise the right during the last year of its extended leasehold.  The space contemplated was that which it
currently occupied.  Apparently, Dell
entered into negotiations with St. Judes S.C. to rent the area occupied by Kershner once the latters term ended.   Those negotiations resulted in an agreement
being reached by the sublessor and prospective sublessee.  When Kershner became aware of the accord, it attempted to
exercise its right of first refusal. 
Dell rebuffed Kershners effort and concluded
its transaction with St. Judes instead. 
This led to Kershner initiating suit for
breach of contract.  

            Kershner
asks us to hold that the trial court misinterpreted the wording of the sublease
and erred in granting Dells motion for summary judgment.   Dell believes that the trial court erred in
denying it attorneys fees against Kershner.  We conclude that the trial court was correct
in both respects and affirm its judgment.

            Applicable
Law

            The task we face is rather
simple.  Kershner
does not suggest that material issues of fact precluded the entry of summary
judgment.   Rather, it posits that the
trial court erred in construing that portion of the sublease encompassing the
right of first refusal.  So, the sum and
substance of our job is to resolve a question of law, see Golden Spread Elec. Coop. v. Denver City Energy Assoc., L.P.,
269 S.W.3d 183, 186  (Tex. App.Amarillo
2008, pet. denied) (stating that construing an unambiguous contract encompasses
a question of law), through the application of various rules of
construction.   The foremost of those
rules is that requiring us to uncover the intent of the parties and effectuate
that intent.  Id. at 186-87.   To do so, we peruse the language of the
contract itself and afford the words written by the parties their plain,
ordinary, and generally accepted meaning, unless the instrument requires
otherwise.  Id.  Moreover, our obligation does not grant us
the authority to rewrite the agreement for the parties.  Id. at 187; Cross Timbers Oil
Co. v. Exxon Corp., 22 S.W.3d 24, 26 (Tex. App.Amarillo 2000, no pet.).  

            Application
of Law

            The contractual provision invoked by
Kershner reads:

4.  Right of First Refusal.  Subject to Subsection B below, [Dell] hereby
grants to [Kershner] for the term of the Sublease a
continuing right of first refusal to sublease any rentable space situated on
the ground floor of the Building (the ROFR Space), to be exercised in
accordance with Subsection A below.

 

A.  
If
at any time during the Sublease Term Sublessor
receives a bona fide letter of interest (or other offer which Sublessor is willing to accept) from any third party for
the sublease of any ROFR Space, Sublessor shall so
notify Sublessee . . . identifying the ROFR Space . .
. and the terms and conditions under which such third party has agreed to sublease
the Subject ROFR Space.  Sublessee shall notify Sublessor
within ten (10) days of receipt of  Sublessors
ROFR Notice whether it desires to sublease the Subject ROFR Space on terms and
conditions similar to those contained in Sublessors
ROFR Notice.  If Sublessee
does not notify Sublessor within said 10-day Period .
. . , Sublessee shall be deemed to have refused the .
. . Space and Sublessor shall be free to sublease
such space to such third party.  If Sublessee exercises its right . . . Sublessor
and Sublessee shall . . . enter into a sublease
agreement substantially identical to this Sublease, but containing the terms
and conditions specified in Sublessors ROFR Notice.

 

(Emphasis
in original). 
Missing from the contract is a definition of rentable space.  This is of import for depending upon what it
means the ROFR may not encompass circumstances like those at bar.          

            Of course, the word rentable is an
adjective, Merriam-Websters Collegiate Dictionary 991 (10th
ed. 1995) (modifying the word space). 
It is commonly interpreted as referring to property capable of being
rented, Websters Revised Unabridged Dictionary
1218 (1913 ed.); Wordnik: All the words, http://www.wordnik.com
(last visited May 6, 2010) (defining rentable); One Look Dictionary Search, http://www.onelook.com (last visited May 6, 2010)
(defining same), that is able or fit
to be rented, Ultralingua: For people who love
languages, http://www.ultralingua.com
(last visited May 6, 2010) (defining same); RhymeZone:
rhyming dictionary and thesaurus, http://www.rhymezone.com
(last visited May 6, 2010) (defining same), and that may be rented, American
Dictionary of the English Language, http://1828.mshaffer.com (last
visited May 6, 2010) (defining same). 
Within each definition lies the notion of the propertys susceptibility
to being leased.  Lands having already
been rented by that company cannot be again rented during the lease term for
present possession has passed to another. 
So, they are not capable of being rented.  Thus, we construe the phrase rentable space
as encompassing area that Dell had yet to sublease and was currently available
for subleasing to someone.  Thus, the
office space involved in the negotiations between Dell and St. Judes fell
outside the scope of the phrase since it was currently subleased to Kershner and not capable of being leased to someone
else.  Given this, we overrule each of Kershners issues for there was no breach of contract nor
right to attorneys fees arising from a breach of contract.

            As for Dells contention that it was
entitled to attorneys fees from Kershner, it is
founded upon a provision contained in the master lease between Las Cimas and Dell.  The
former apparently owned the property in question, leased it to Dell, and
allowed Dell to sublet it to others.  Per
the master lease, Dell agreed to pay Las Cimas
attorneys fees should Las Cimas prevail in any
contractual dispute between it and Dell. 
And, according to Dell, because Kershner
expressly agreed to comply with and perform the obligations of Dell under the
master lease Kershner obligated itself to pay
attorneys fees to Dell should it prevail in any dispute between it and
Dell.  This is inaccurate for literal
application of the contractual provision at most obligated Kershner
to pay attorneys fees Dell may have owed Las Cimas.  And, because the fees sought by Dell at bar
were not those relating to a controversy between it and Las Cimas,
Kershner had no duty to pay them.   The issue is overruled.

            We affirm the judgment of the trial
court.

 

                                                                                    Per
Curiam